# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GRAPHICS PROCESSING UNITS ANTITRUST LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | ) Case No.: M:07-CV-01826-WHA<br>)<br>) MDL No. 1826<br>)<br>)<br>)<br>) |

# SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter, "Agreement") is made and entered into as of the second day of October, 2008, by and between Defendants ATI Technologies, Inc. (now known as ATI Technologies ULC), Advanced Micro Devices, Inc., AMD US Finance, Inc., and 1252986 Alberta ULC (collectively "ATI"), Defendant Nvidia Corporation ("NVIDIA"), and Plaintiff Class Representatives Jordan Walker and Michael Bensignor, d/b/a Mike's Computer Services, both individually and on behalf of the certified Class (as defined below) in the above-captioned class action. This Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## RECITALS

WHEREAS, Plaintiffs have alleged, among other things, that (1) Defendants violated Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, by conspiring to fix, raise, maintain or stabilize the prices of graphics processing units sold in the United States; and (2) these acts caused the Class to incur significant damages;

WHEREAS, Defendants have denied and continue to deny (1) each and all of the claims and allegations of wrongdoing made by the Plaintiffs and Class Members in the Actions and maintain furthermore that they have meritorious defenses; (2) all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions, and Defendants vigorously contend that the factual allegations in the Plaintiffs' complaints relating to them are materially inaccurate; and (3) the allegations that the Plaintiffs or any Class Member was harmed by any conduct by Defendants alleged in the Actions or otherwise;

WHEREAS, Plaintiffs and Defendants agree that neither this Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations alleged in the Actions;

WHEREAS, arm's length settlement negotiations have taken place between Defendants and Class Plaintiffs' Lead Counsel (as defined below), and this Agreement, including its exhibits, which embodies all of the terms and conditions of the settlement between Defendants and Plaintiffs, both individually and on behalf of the Class, has been reached subject to the approval of the Court as provided herein and is intended to supersede any prior agreements between the Settling Parties;

WHEREAS, Class Plaintiffs' Lead Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Third Consolidated and Amended Class Action Complaint filed in MDL Docket No. 1826, the legal and factual defenses thereto and the applicable law, that it would be in the best interests of the Class to enter into this Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein are obtained for the Class and, further, that Class Plaintiffs' Lead Counsel consider the settlement set forth herein to be fair, reasonable and adequate and in the best interests of Plaintiffs and all members of the Class; and

WHEREAS, Defendants, despite their belief that they are not liable for the claims asserted against them in the Actions and that they have good defenses thereto, have nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and thereby to put to rest this controversy with respect to the Class and avoid the risks inherent in complex litigation;

**A G R E E M E N T**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs (on behalf of themselves and each Class Member) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Actions and the Released Claims as against Defendants and other Releasees shall be finally and fully settled, compromised and dismissed on the merits and with prejudice upon and subject to the terms and conditions of this Agreement, as follows;

A.      **Definitions**

1.      As used in this Agreement the following terms have the meanings specified below.  In the event of any inconsistency between any definition set forth below and any definition set forth in any other document related to the settlement set forth in this Agreement, the definition set forth below shall control.

(a)      "Actions" means *In re Graphics Processing Units Antitrust Litigation*, M:07-CV-01826-WHA, and each of the cases previously consolidated and/or included as part of MDL Docket No. 1826.

(b)      "Authorized Claimant" means any Class Member who, in accordance with the terms of this Agreement, is entitled to a distribution from the Gross Settlement Fund pursuant to any Distribution Plan or order of the Court.

(c)      "Class" means that certain class certified by the Court on July 18, 2008 (docket #509), and defined to include "all individuals and entities who purchased graphics processing card products online from defendants' websites in the United States during the period from December 4, 2002, to November 7, 2007."  As reflected in the class notices approved by the

Court, excluded from the Class are the Defendants and their affiliates, and any of their officers, directors, or employees. Also excluded from the Class are any federal, state or local government entity, and any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

(d)     "Class Counsel" means both (i) Class Plaintiffs' Lead Counsel; and (ii) any attorney or law firm that seeks to receive any portion of the attorneys' fees that may be awarded by the Court in connection with this Settlement.

(e)     "Class Member" means a Person who falls within the definition of the Class and has not timely and validly excluded itself from the Class in accordance with the procedure established by the Court in its July 18, 2008 Order (docket #509).

(f)     "Class Plaintiffs' Lead Counsel" means Boies, Schiller & Flexner LLP.

(g)     "Court" means the United States District Court for the Northern District of California.

(h)     "Defendants" means ATI Technologies, Inc. (now known as ATI Technologies ULC), Advanced Micro Devices, Inc., AMD US Finance, Inc., 1252986 Alberta ULC, and Nvidia Corporation.

(i)     "Distribution Plan" means any plan or formula of allocation of the Gross Settlement Fund, to be approved by the Court upon notice to the Class, whereby the Net Settlement Fund shall in the future be distributed to Authorized Claimants. Any Distribution Plan is not part of this

Agreement, and Defendants shall have no responsibility or liability with respect thereto.

(j)     "Effective Date" means the first date by which all of the events and conditions specified in ¶ 24 of this Agreement have occurred and have been met.

(k)     "Escrow Agent" means the agent jointly designated by Class Plaintiffs' Lead Counsel and Defendants, and any successor agent as provided therein.

(l)     "Execution Date" means the date this Agreement is executed by all parties.

(m)     "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (a) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (b) an appeal has been filed and either (i) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (ii) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind. Any appeal or other proceeding pertaining

solely to any order adopting or approving a Distribution Plan, and/or to any order issued in respect of an application for attorneys' fees and expenses pursuant to ¶¶ 15-16 and 20, below, shall not in any way delay or preclude the Judgment from becoming Final.

(n)     "Gross Settlement Fund" means the Settlement Amount plus any interest that may accrue.

(o)     "Judgment" means the order of judgment and dismissal of the Actions with prejudice in the form attached hereto as Exhibit F.

(p)     "Net Settlement Fund" means the Gross Settlement Fund, less the payments set forth in ¶ 15(a)-(d), below.

(q)     "Notice and Claims Administrator" means the Notice and/or Claims Administrator(s) to be approved by the Court.

(r)     "Person(s)" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and any spouses, heirs, predecessors, successors, representatives or assignees of any of the foregoing.

(s)     "Plaintiffs" means Karol Juskiewicz, Fred Williams, Jordan Walker and Michael Bensignor, d/b/a Mike's Computer Services.

(t)     "Proof of Claim and Release" means the form to be sent to Class Members, upon further order(s) of the Court, by which any Class Member may make claims against the Gross Settlement Fund.

(u)     "Released Claims" means any and all manner of claims, demands, rights, actions, suits, causes of action, whether class, individual or otherwise in nature, fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever, known or unknown (including, but not limited to "Unknown Claims"), suspected or unsuspected, asserted or unasserted, in law or in equity, which Releasors or any of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have or hereafter can, shall or may have, relating in any way to any conduct prior to the date of this Agreement and arising out of or related in any way to the purchase of graphics processing card products online from Defendants' websites in the United States during the period from December 4, 2002, to November 7, 2007, or any conduct alleged in the Actions or that could have been alleged in the Actions, against the Releasees by Releasors (including, but not limited to, all claims under the Sherman Antitrust Act, any other federal or state statute or common law, or the law of any foreign jurisdiction).  Notwithstanding the foregoing, the releases provided herein shall not release claims against Defendants for product liability, breach of contract, breach of warranty or personal injury unrelated to the allegations in the Actions.

(v)     "Releasees" means Defendants and their direct and indirect parents, subsidiaries, and affiliates, and their respective present and former officers, directors, employees, managers, members, partners, agents, shareholders (in their capacity as shareholders), attorneys, and legal representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing.  As used in this Paragraph, "affiliates" means entities controlling, controlled by or under common control with a Releasee.

(w)     "Releasors" means the Plaintiffs and each and every Class Member on their own behalf and on behalf of their respective direct and indirect parents, subsidiaries and affiliates, their present and former officers, directors, employees, agents, and legal representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing.  As used in this Paragraph, "affiliates" means entities controlling, controlled by or under common control with a Releasor.

(x)     "Settlement" means the settlement of the Released Claims set forth herein.

(y)     "Settlement Amount" means One Million Seven-Hundred Thousand Dollars ($1,700,000).

(z)     "Settling Parties" means, collectively, Defendants and the Plaintiffs (on behalf of themselves and each of the Class Members).

(aa)    "Unknown Claims" means any Released Claim that any Plaintiff and/or Class Member does not know or suspect to exist in his, her or its favor at

the time of the release of the Releasees that if known by him, her or it, might have affected his, her or its settlement with and release of the Releasees, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived the provisions, rights and benefits of California Civil Code § 1542 (to the extent it applies to the Actions), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable or equivalent in effect to California Civil Code § 1542. The Plaintiffs and Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Plaintiff shall expressly have, and upon the Effective Date, each Class Member shall be deemed to have, and by

operation of the Judgment shall have fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Plaintiffs acknowledge, and the Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

**B.**     **Preliminary Approval Order, Notice Order, and Settlement Hearing**

2.     **Reasonable Best Efforts to Effectuate this Settlement.**  The Settling Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement the terms and conditions of this Agreement and to exercise their best efforts to accomplish the terms and conditions of this Agreement.

3.     **Motion for Preliminary Approval**.  On the date set by the Court, Class Plaintiffs' Lead Counsel shall submit this Agreement to the Court and shall apply for entry of an order (the "Preliminary Approval Order") substantially in the form and content of Exhibit A attached hereto, requesting, *inter alia*, preliminary approval of the Settlement and for a stay of all proceedings in the Actions against the Releasees until the Court renders a final decision on

approval of the Settlement. The motion shall include (a) the proposed Preliminary Approval Order substantially in the form attached as Exhibit A hereto, (b) the proposed forms of email and mail notice (with Claim Form) and publication notice of the Settlement to Class Members substantially in the form of Exhibits B, C and D hereto; (c) a proposed order finally approving the Settlement (the "Final Approval Order") in the form attached as Exhibit E hereto; and (d) the proposed Judgment attached as Exhibit F hereto.

4. **Appeal.** On September 17, 2008, the Settling Parties filed a joint motion to stay the Plaintiffs' petition to the Court of Appeals for the Ninth Circuit under Rule 23(f) of the Federal Rules of Civil Procedure. In the event the Court of Appeals does not grant the stay and accepts the petition, Plaintiffs shall file within five business days a request that any briefing in connection with the appeal be deferred to a date at least two weeks after the scheduled or anticipated date for the Settlement Hearing. Plaintiffs acknowledge that, when and if the Settlement is approved and becomes Final, the Petition will become moot, and that they would not have standing to pursue an appeal, and that Plaintiffs will indicate this in any briefing to the Court of Appeals in the event it does not issue a stay and requires briefing before the approval of this Settlement. Plaintiffs will dismiss their appeal, if any is pending, within five days of the Final Approval Order and Judgment by the Court.

5. **Notice to Class**. In the event that the Court preliminarily approves the Settlement, Class Plaintiffs' Lead Counsel shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the Court's Preliminary Approval Order, provide those Class Members who have been identified by reasonable means with email notice of the date of the hearing scheduled by the Court to consider the fairness, adequacy and reasonableness of the proposed Settlement (the "Settlement Hearing"). Class Plaintiffs' Lead Counsel will also send notice via

first class mail to all Class Members whose earlier class action email notice was returned as undeliverable, and any Class Members whose email settlement hearing notice is subsequently returned as undeliverable to the extent a mailing address is available for such Class Members. Such notice, in the form of Exhibit B hereto, shall also include the general terms of the Settlement set forth in the Agreement, the general terms of the proposed Distribution Plan and a Court-approved Claim Form in the form of Exhibit C hereto, the general terms of the Fee and Expense Application (as defined in ¶ 20 below), and a description of Class Members' rights to object to the Settlement and/or appear at the Settlement Hearing.

6. **Publication**.　Class Plaintiffs' Lead Counsel shall cause to be published a summary notice, which shall be substantially in the form attached as Exhibit D to this Agreement, at least once in the U.S. version of *PC Gamer Magazine*.　The full text of the notice, which shall be substantially in the form attached as Exhibit B to this Agreement, will also be published on www.gpuantitrust.com, which will be linked to banner ads that will appear on www.tomshardware.com and www.gearlog.com.　A link to the full text of the notice will also appear on www.gpureview.com.　All of these publications will be carried out as soon as is reasonably practicable after the Court enters the Preliminary Approval Order.　Defendants shall not have any responsibility for providing notice of this Settlement to Class Members.　The Settling Parties shall mutually agree on any other content that will be displayed on Class Counsel's website (www.gpuantitrust.com).

7. **Motion for Final Approval and Entry of Final Judgment.**　Not less than ninety (90) days following the entry of the Preliminary Approval Order and at least thirty-five (35) days before the Settlement Hearing, Class Plaintiffs' Lead Counsel shall submit a motion for final approval of the Settlement by the Court, after notice to the Class Members of the Settlement

Hearing, pursuant to ¶¶ 5 and 6 above.  If the Court preliminarily approves the Settlement, the parties hereto shall jointly seek entry of the Final Approval Order and Judgment, in substantially the forms attached hereto as Exhibits E and F:

(a)     fully and finally approving the Settlement contemplated by this Agreement and its terms as being fair, reasonable and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms and conditions;

(b)     finding that the notice given to Class Members as contemplated in ¶¶ 5 and 6 above constitutes the best notice practicable under the circumstances and complies in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

(c)     directing that the Actions be dismissed with prejudice as to Defendants and, except as provided for herein, without costs;

(d)     discharging and releasing the Releasees from all Released Claims;

(e)     permanently barring and enjoining the institution and prosecution, by Plaintiffs and the Class Members, of any other action against the Releasees in any court asserting any Released Claims;

(f)     reserving continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration, consummation and enforcement of this Agreement;

(g)     determining pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for delay and directing entry of a final judgment as to Defendants; and

(h)     containing such other and further provisions consistent with the terms of this Agreement to which the parties expressly consent in writing.

At the Settlement Hearing, Class Plaintiffs' Lead Counsel also will request that the Court approve the proposed Distribution Plan and application for attorneys' fees and reimbursement of expenses (as described below).

### C.     <u>Settlement Fund</u>

**8.     Settlement Payment.** ATI and NVIDIA shall each pay by wire transfer fifty-percent (50%) of the Settlement Amount to the Escrow Agent pursuant to mutually agreeable escrow instructions within five (5) business days after the Execution Date. These amounts constitute the total amount of payments that Defendants are required to make in connection with this Settlement Agreement. This amount shall not be subject to reduction, and upon the occurrence of the Effective Date, no funds may be returned to Defendants. The Escrow Agent shall only act in accordance with the mutually agreed escrow instructions.

**9.     Disbursements Prior to Effective Date.** No amount may be disbursed from the Gross Settlement Fund unless and until the Effective Date, except that: (a) reasonable costs of the notice ("Notice and Administrative Costs") described in ¶¶ 5-6 may be paid from the Gross Settlement Fund as they become due; and (b) Taxes and Tax Expenses (as defined in ¶ 12, below) may be paid from the Gross Settlement Fund as they become due. Class Plaintiffs' Lead Counsel will attempt in good faith to minimize the amount of Notice and Administrative Costs.

**10.     Refund by Escrow Agent.** If the Settlement as described herein is finally disapproved by any court or it is terminated as provided herein, or the Judgment is overturned on appeal or by writ, the Gross Settlement Fund, including the Settlement Amount and all interest earned on the Settlement Amount while held in escrow, excluding only Notice and

Administrative Costs and Taxes and Tax Expenses (as defined in ¶ 12 below), will be refunded, reimbursed, and repaid by the Escrow Agent to Defendants in proportion to the pro rata share paid by them to the Escrow Agent within three (3) business days after receiving notice pursuant to ¶ 28 below.

**11. No Additional Payments by Defendants.** Under no circumstances will Defendants be required to pay more or less than the Settlement Amount pursuant to this Agreement and the Settlement set forth herein. For purposes of clarification, the payment of any Fee and Expense Award (as defined in ¶ 21 below), the Notice and Administrative Costs, and any other costs associated with the implementation of this Settlement Agreement, as reflected in ¶ 15 below, shall be made exclusively from the Settlement Amount.

**12. Taxes.** The Settling Parties and the Escrow Agent agree to treat the Gross Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. The Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 12, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver timely and properly the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

      (a) For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall satisfy the administrative requirements imposed by Treas. Reg. §1.468B-2 by, *e.g.*,

(i) obtaining a taxpayer identification number, (ii) satisfying any information reporting or withholding requirements imposed on distributions from the Gross Settlement Fund, and (iii) timely and properly filing applicable federal, state and local tax returns necessary or advisable with respect to the Gross Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)) and paying any taxes reported thereon.  Such returns (as well as the election described in this ¶ 12) shall be consistent with this ¶ 12 and in all events shall reflect that all Taxes as defined in subparagraph 12(b) below on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in ¶ 15 hereof;

(b)     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Gross Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon Defendants or their counsel with respect to any income earned by the Gross Settlement Fund for any period during which the Gross Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes (collectively, "Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶ 12, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 12 (collectively, "Tax Expenses"), shall be paid out of the Gross

Settlement Fund; in all events neither Defendants nor their counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. With funds from the Gross Settlement Fund, the Escrow Agent shall indemnify and hold harmless Defendants and their counsel for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Gross Settlement Fund and shall timely be paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants nor their counsel is responsible therefor, nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 12.

13. **Releases.** Upon the Effective Date, the Releasors, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Releasor ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Gross Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released, relinquished, and

discharged all Released Claims against the Releasees and shall have covenanted not to sue the Releasees with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Releasees.

D. **Administration and Distribution of Gross Settlement Fund**

14. **Time to Appeal**.  The time to appeal from an approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether or not either the Distribution Plan or an application for attorneys' fees and expenses has been submitted to the Court or resolved.

15. **Distribution of Gross Settlement Fund.**  Upon further notice to the Class and appropriate orders of the Court, the Notice and Claims Administrator, subject to such supervision and direction of the Court and/or Class Plaintiffs' Lead Counsel as may be necessary or as circumstances may require, shall administer the claims submitted by Class Members and shall oversee distribution of the Gross Settlement Fund to Authorized Claimants pursuant to the Distribution Plan.  Subject to the terms of this Agreement and any order(s) of the Court, the Gross Settlement Fund shall be applied as follows:

(a) to pay all costs and expenses reasonably and actually incurred in connection with locating Class Members and providing notice to them pursuant to ¶¶ 5-6 above, in connection with administering and distributing the Net Settlement Fund to Authorized Claimants, and in connection with paying escrow fees and costs, if any;

(b)     to pay all costs and expenses, if any, reasonably and actually incurred in soliciting Class Members' claims and assisting with the filing and processing of such claims;

(c)     to pay the Taxes and Tax Expenses as defined herein;

(d)     to pay any Fee and Expense Award that is allowed by the Court, subject to and in accordance with the provisions of ¶¶ 20-21; and.

(e)     to distribute the balance of the "Net Settlement Fund" to Authorized Claimants as allowed by the Agreement, any Distribution Plan, or order of the Court.

**16.     Distribution of Net Settlement Fund.**  Upon the Effective Date and thereafter, and in accordance with the terms of this Agreement, the Distribution Plan, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)     Each Class Member who claims to be an Authorized Claimant shall be required to submit to the Notice and Claims Administrator a completed Proof of Claim and Release signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to such Class Member;

(b)     Except as otherwise ordered by the Court, each Class Member who fails to submit a Proof of Claim and Release within such period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Agreement and the Settlement set forth

herein, but shall in all other respects be subject to and bound by the provisions of this Agreement, the releases contained herein, and the Judgment.

(c)     The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with a Distribution Plan to be approved by the Court upon such further notice to the Class as may be required. Any such Distribution Plan is not a part of this Agreement. No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until the Effective Date; and

(d)     All Persons who fall within the definition of the Class who, to the extent permitted under Rule 23 and applicable law, did not timely and validly request to be excluded from the Class shall be subject to and bound by the provisions of this Agreement, the releases contained herein, and the Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Gross Settlement Fund or the Net Settlement Fund.

**17.     No Liability for Distribution of Settlement Funds.** Neither the Releasees nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Gross Settlement Fund, the Distribution Plan, the determination, administration, or calculation of claims, the payment or withholding of Taxes, the distribution of the Net Settlement Fund, or any losses incurred in connection with any such matters. The Releasors hereby fully, finally, and forever release, relinquish, and discharge the

Releasees and their counsel from any and all such liability. No Person shall have any claim against Class Counsel or the Notice and Claims Administrator based on the distributions made substantially in accordance with the Agreement and the Settlement contained herein, the Distribution Plan, or further orders of the Court.

18. **Balance Remaining in Net Settlement Fund.** If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Class Plaintiffs' Lead Counsel may reallocate such balance among Authorized Claimants in an equitable and economic fashion, subject to Court approval.

19. **Distribution Plan not Part of Settlement.** It is understood and agreed by the Settling Parties that any Distribution Plan, including any adjustments to any Authorized Claimant's claim, is not a part of this Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Agreement, and any order or proceedings relating to the Distribution Plan shall not operate to terminate or cancel this Agreement or affect the finality of the Judgment, the Final Approval Order, or any other orders entered pursuant to this Agreement. The time to appeal from an approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether either the Distribution Plan or an application for attorneys' fees and expenses has been submitted to the Court or approved.

E. **Attorneys' Fees and Reimbursement of Expenses**

20. **Fee and Expense Application.** Class Plaintiffs' Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Gross Settlement Fund, for: (a) an award of attorneys' fees; plus (b) reimbursement of expenses incurred in connection with prosecuting the Actions; plus (c) any interest on such

attorneys' fees and expenses (until paid) at the same rate and for the same periods as earned by the Settlement Fund, as appropriate, as may be awarded by the Court. Class Counsel have stated that they will not seek attorneys' fees and reimbursement of reasonable costs and expenses incurred in the prosecution of the Actions in an amount more than 35%, in the aggregate, of the Settlement Amount.

21. **Payment of Fee and Expense Award.** Any amounts that are awarded by the Court pursuant to ¶ 20, above (the "Fee and Expense Award") shall be paid from the Gross Settlement Fund as provided in ¶ 15, above, and may be made no earlier than the Effective Date.

22. **Award of Fees and Expenses not Part of Settlement.** The procedure for, and the allowance or disallowance by the Court of, the Fee and Expense Application are not part of the Settlement set forth in this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Agreement. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any Fee and Expense Award or any other order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Judgment and the Settlement of the Actions as set forth herein. No order of the Court or modification or reversal on appeal of any order of the Court concerning any Fee and Expense Award or Distribution Plan shall constitute grounds for cancellation or termination of this Agreement.

23. **No Liability for Fees and Expenses of Class Counsel.** The Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment(s) to Class Counsel pursuant to ¶¶ 20-21 above, and/or to any other Person who may assert some claim thereto, or any Fee and Expense Award that the Court may make in the Actions.

**F.** **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

**24**. **Effective Date**. The Effective Date of this Agreement shall be conditioned on the occurrence of all of the following events:

(a) Defendants no longer have any right under ¶¶ 27 and 28, below, to terminate this Agreement or, if Defendants do have such right, they have given written notice to Class Plaintiffs' Lead Counsel that they will not exercise such right;

(b) the Court has finally approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and has entered the Judgment; and

(c) the Judgment has become Final.

**25.** **Occurrence of Effective Date**. Upon the occurrence of all of the events referenced in ¶ 24, above, any and all remaining interest or right of Defendants in or to the Gross Settlement Fund, if any, shall be absolutely and forever extinguished, and the Gross Settlement Fund (less any Notice and Administrative Costs, Taxes or Tax Expenses or any Fee and Expense Award paid) shall be transferred from the Escrow Agent to the Notice and Claims Administrator as successor Escrow Agent within 10 days after the Effective Date.

**26.** **Failure of Effective Date to Occur**. If all of the conditions specified in ¶ 24 are not met, then this Agreement shall be cancelled and terminated, subject to and in accordance with ¶ 28, below, unless the Settling Parties mutually agree in writing to proceed with this Agreement.

**27.** **Failure to Enter Proposed Preliminary Approval Order, Final Approval Order or Judgment**. If the Court does not enter the Preliminary Approval Order, substantially

in the form of Exhibit A hereto, the Final Approval Order, substantially in the form of Exhibit E hereto or the Judgment substantially in the form of Exhibit F hereto, or if the Court enters the Final Approval Order and the Judgment and appellate review is sought and, on such review, the Final Approval Order or the Judgment is finally vacated, modified, or reversed, then this Agreement and the Settlement incorporated therein shall be cancelled and terminated, unless all parties who are adversely affected thereby, in their sole discretion within thirty (30) days from the date of the mailing of such ruling to such parties, provide written notice to all other parties hereto of their intent to proceed with the Settlement under the terms of the Preliminary Approval Order, the Final Approval Order or the Judgment as modified by the Court or on appeal.  Such notice may be provided on behalf of Plaintiffs and the Class Members by Class Plaintiffs' Lead Counsel.  No Settling Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein; provided, however, that no order of the Court concerning any Fee and Expense Application or Distribution Plan, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or termination of this Agreement by any Settling Party.  Without limiting the foregoing, Defendants shall have, in their sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of all of the Actions against them.

    28.    **Termination**.  Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or this Agreement should terminate, or be cancelled, or otherwise fail to become effective for any reason, including, without limitation, in the event that the Settlement as described herein is not finally approved by the Court or the Judgment is reversed or vacated following any appeal taken therefrom, then:

(a)     within three (3) business days after written notification of such event is sent by counsel for Defendants to the Escrow Agent, the Gross Settlement Fund, including the Settlement Amount and all interest earned on the Settlement Fund while held in escrow and all payments disbursed, including all expenses, costs, excluding only Notice and Administrative Costs that have either been properly disbursed or are due and owing pursuant to ¶¶ 5-6, and Taxes and Tax Expenses that have been paid or that have accrued and will be payable at some later date, will be refunded, reimbursed, and repaid by the Escrow Agent to Defendants in proportion to their pro rata share paid to the Escrow Agent; if said amount or any portion thereof is not returned within such five (5) day period, then interest shall accrue thereon at the rate of ten (10) percent per annum until the date that said amount is returned;

(b)     the Escrow Agent or its designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the proceeds to Defendants in proportion to their pro rata share paid to the Escrow Agent, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, pursuant to such written request;

(c)     the Settling Parties shall be restored to their respective positions in the Actions as of the Execution Date, with all of their respective claims and defenses, preserved as they existed on that date;

(d)     the terms and provisions of this Agreement, with the exception of ¶¶ 9-10, 12, 21, 24, 26-28, 30, 32, 33, 35-43 (which shall continue in full force and

effect), shall be null and void and shall have no further force or effect with respect to the Settling Parties, and neither the existence nor the terms of this Agreement (nor any negotiations preceding this Agreement nor any acts performed pursuant to, or in furtherance of, this Agreement) shall be used in the Actions or in any other action or proceeding for any purpose (other than to enforce the terms remaining in effect); and

(e) any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

## G. No Admission of Liability

**29. Final and Complete Resolution.** The Settling Parties intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Actions and to compromise claims that are contested, and it shall not be deemed an admission by any Settling Party as to the merits of any claim or defense or any allegation made in the Actions.

**30. Use of Agreement as Evidence.** Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, of any allegation made in the Actions, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of the Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement shall be admissible in any proceeding for any

purpose, except to enforce the terms of the Settlement, and except that the Releasees may file this Agreement and/or the Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The limitations described in this paragraph apply whether or not the Court enters the Preliminary Approval Order, the Final Approval Order or the Judgment.

### H.     Miscellaneous Provisions

**31.     Voluntary Settlement.**  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement as described herein were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

**32**.     **Consent to Jurisdiction**.  Defendants and each Class Member hereby irrevocably submit to the exclusive jurisdiction of the Court only for the specific purpose of any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of this Agreement and its Exhibits.  Without limiting the generality of the foregoing, it is hereby agreed that any dispute concerning the provisions of ¶ 13 hereof, including but not limited to any suit, action or proceeding in which the provisions of ¶ 13 hereof, are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, constitutes a suit, action or proceeding arising out of or relating to this Agreement and its Exhibits.  In the event that the provisions of ¶ 13 hereof are asserted by any Releasee as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection in any suit, action or proceeding, it is hereby agreed that such Releasee shall be entitled to a stay of that suit, action or proceeding

until the Court has entered a final judgment no longer subject to any appeal or review determining any issues relating to the defense or objection based on such provisions. Solely for purposes of such suit, action or proceeding, to the fullest extent that they may effectively do so under applicable law, the Class Members and Defendants irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court or that the Court is in any way an improper venue or an inconvenient forum. Nothing herein shall be construed as a submission to jurisdiction for any purpose other than any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of this Agreement and its Exhibits.

**33**.    **Resolution of Disputes; Retention of Exclusive Jurisdiction**.    Any disputes between or among Defendants and any Class Member or Members (or their counsel) concerning matters contained in this Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court. The Court shall retain exclusive jurisdiction over the implementation and enforcement of this Agreement.

**34**.    **Binding Effect**.    This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto. Without limiting the generality of the foregoing, each and every covenant and agreement herein by Plaintiffs, Class Plaintiffs' Lead Counsel, and Class Counsel shall be binding upon all Class Members.

**35**.    **Authorization to Enter Settlement Agreement**.    The undersigned representatives of Defendants represent that they are fully authorized to enter into and to execute this Agreement on behalf of Defendants. Class Plaintiffs' Lead Counsel, on behalf of Plaintiffs, the Class and Class Counsel, represent that they are, subject to Court approval, expressly authorized to take all action required or permitted to be taken by or on behalf of the Class

pursuant to this Agreement to effectuate its terms and to enter into and execute this Agreement and any modifications or amendments to the Agreement on behalf of the Class that they deem appropriate.

36. **Notices**. All notices under this Agreement shall be in writing. Each such notice shall be given either by (a) e-mail; (b) hand delivery; (c) registered or certified mail, return receipt requested, postage pre-paid; (d) Federal Express or similar overnight courier; or (e) facsimile and first class mail, postage pre-paid and, if directed to any Class Member, shall be addressed to Class Plaintiffs' Lead Counsel at their addresses set forth on the signature pages hereof, and if directed to Defendants, shall be addressed to their attorneys at the addresses set forth on the signature pages hereof or such other addresses as Class Plaintiffs' Lead Counsel or Defendants may designate, from time to time, by giving notice to all parties hereto in the manner described in this paragraph.

37. **No Conflict Intended**. Any inconsistency between this Agreement and the Exhibits attached hereto shall be resolved in favor of this Agreement. The headings used in this Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

38. **No Party Deemed to Be the Drafter**. None of the parties hereto shall be deemed to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

39. **Choice of Law**. This Agreement and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to this Agreement shall be construed and

enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

**40**.     **Amendment; Waiver**.   This Agreement shall not be modified in any respect except by a writing executed by all the parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party.  The waiver by any party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Agreement.

**41**.     **Execution in Counterparts**.   This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Counsel for the parties to this Agreement shall exchange among themselves original signed counterparts and a complete set of executed counterparts shall be filed with the Court.

**42**.     **Exhibits Incorporated**.   All of the Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

**43**.     **Integrated Agreement**.   This Agreement and the Exhibits attached hereto constitute the entire agreement between the Settling Parties and no representations, warranties or inducements have been made to any party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Agreement is entered into may turn out to be other than or different from the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Agreement shall be in all respects effective and not subject to termination by reason of

any such different facts or law. Except as otherwise provided herein, each party shall bear its own costs and attorneys' fees.

**44. Return or Destruction of Confidential Materials.** Within sixty days of the Effective Date, the Settling Parties agree to comply with paragraph 11 of the February 5, 2008 Stipulated Protective Order entered in this action.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Agreement as of the date first herein above written.

CLASS PLAINTIFFS' LEAD COUNSEL,
on behalf of Plaintiffs individually, on behalf of the
Class, and on behalf of Class Counsel

By: _William Isaacson by John Cove_
    William A. Isaacson
    BOIES, SCHILLER & FLEXNER LLP
    5301 Wisconsin Avenue, N.W., Suite 800
    Washington, D.C. 20015
    Tel: (202) 237-2727
    Fax: (202) 237-6131

DEFENDANTS ATI TECHNOLOGIES, INC. (NOW
KNOWN AS ATI TECHNOLOGIES ULC), ADVANCED
MICRO DEVICES, INC., AMD US FINANCE, INC.,
AND 1252986 ALBERTA ULC

By: _____
    Margaret M. Zwisler
    LATHAM & WATKINS LLP
    555 Eleventh Street, N.W., Suite 1000
    Washington, DC 20004
    Tel: (202) 637-2200
    Fax: (202) 637-2201

any such different facts or law. Except as otherwise provided herein, each party shall bear its own costs and attorneys' fees.

44. **Return or Destruction of Confidential Materials.** Within sixty days of the Effective Date, the Settling Parties agree to comply with paragraph 11 of the February 5, 2008 Stipulated Protective Order entered in this action.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Agreement as of the date first herein above written.

CLASS PLAINTIFFS' LEAD COUNSEL,
on behalf of Plaintiffs individually, on behalf of the
Class, and on behalf of Class Counsel


By: _____
      William A. Isaacson
      BOIES, SCHILLER & FLEXNER LLP
      5301 Wisconsin Avenue, N.W., Suite 800
      Washington, D.C. 20015
      Tel: (202) 237-2727
      Fax: (202) 237-6131


DEFENDANTS ATI TECHNOLOGIES, INC. (NOW
KNOWN AS ATI TECHNOLOGIES ULC), ADVANCED
MICRO DEVICES, INC., AMD US FINANCE, INC.,
AND 1252986 ALBERTA ULC


By: _Margaret M. Zwisler by CHS_
      Margaret M. Zwisler
      LATHAM & WATKINS LLP
      555 Eleventh Street, N.W., Suite 1000
      Washington, DC 20004
      Tel: (202) 637-2200
      Fax: (202) 637-2201

DEFENDANT NVIDIA CORPORATION

By: _____

John C. Dwyer
COOLEY GODWARD KRONISH LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Tel: (415) 693-2000
Fax: (415) 693-2222

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GRAPHICS PROCESSING UNITS ANTITRUST LITIGATION ) ) ) ) This Document Relates to: ) ALL ACTIONS ) ) | Case No.: M:07-CV-01826-WHA  MDL No. 1826 |

## ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT

Upon review and consideration of the Settlement Agreement dated as of October 2, 2008, executed on behalf of Plaintiffs and the Class (as defined therein and pursuant to the order of the Court dated July 18, 2008, docket #509) by Class Plaintiffs' Lead Counsel, and on behalf of Defendants ATI Technologies, Inc. (now known as ATI Technologies ULC), Advanced Micro Devices, Inc., AMD US Finance, Inc., and 1252986 Alberta ULC (collectively "the ATI defendants") by their counsel, and on behalf of Defendant NVIDIA Corporation ("NVIDIA") by its counsel, and the exhibits attached thereto (the "Settlement Agreement"), it is hereby **ORDERED** as follows:

## PRELIMINARY APPROVAL OF SETTLEMENT

1.     The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Settlement Hearing provided for below.  The Court finds that said settlement is sufficiently within the range of reasonableness so that notice of the proposed settlement should be given as provided in Paragraphs 2 and 3 of this Order.

2.     Within 20 days after the date of the entry of this Order, Class Plaintiffs' Lead Counsel shall cause copies of the Notice of Proposed Settlement and Settlement Hearing and

Proof of Claim Form, substantially in the form attached as Exhibits B and C to the Settlement Agreement ("Mail Notice"), to be emailed to all Class Members, to the extent that they can be identified with reasonable diligence, from the database of Defendants' online customers maintained by the Claims Administrator in these Actions. Class Plaintiffs' Lead Counsel will also send notice via first class mail to all Class Members whose earlier class action email notice was returned as undeliverable, and any Class Members whose Mail Notice sent by email is subsequently returned as undeliverable, to the extent a mailing address is available for such Class Members.

3.      Class Plaintiffs' Lead Counsel shall cause to be published a summary notice, which shall be substantially in the form attached as Exhibit D to the Settlement Agreement, once in the U.S. version of *PC Gamer Magazine*. The full text of the notice, which shall be substantially in the form attached as Exhibit B to the Settlement Agreement, will also be published on www.gpuantitrust.com, which will be linked to banner ads that will appear on www.tomshardware.com and www.gearlog.com. A link to the full text of the notice will also appear on www.gpureview.com. All of these publications will be carried out as soon after the date of this Order as is reasonably practicable, and in all events, within 45 days of the date of this Order.

4.      Prior to the Settlement Hearing, Class Plaintiffs' Lead Counsel shall serve and file a sworn statement attesting to compliance with the provisions of paragraphs 2 and 3 of this Order.

5.      The actions set forth in paragraphs 2 and 3 of this Order are hereby found to be reasonably calculated to provide direct notice to all Class Members and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Settlement Hearing to all

persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23 and due process.

**FEE AND EXPENSE PETITION AND MOTIONS FOR FINAL
APPROVAL AND APPROVAL OF PROPOSED PLAN OF ALLOCATION**

6. No later than thirty-five (35) days before the Settlement Hearing, Class Plaintiffs' Lead Counsel shall file a motion for final approval of the Settlement, a motion for approval of their proposed plan of allocation of net settlement proceeds to the Class ("Distribution Plan"), and their application for attorneys' fees and expenses (the "Fee and Expense Petition").

**THE SETTLEMENT HEARING**

7. A hearing on final settlement approval (the "Settlement Hearing") is hereby scheduled to be held before the undersigned on _____ at _____ [a.m. / p.m.] in Courtroom 9, 19th Floor, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco 94102, to consider: (a) the fairness, reasonableness and adequacy of the proposed settlement; (b) the dismissal of the Actions with prejudice as to Defendants and the entry of final Judgment in the Actions; (c) whether the Distribution Plan should be approved; and (d) whether an award of attorneys' fees, costs and expenses should be made to Class Counsel.

8. Any Class Member may appear at the Settlement Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the proposed settlement and the dismissal of the Actions with prejudice as to Defendants and the entry of Judgment; provided, however, that no person shall be heard in opposition to such settlement, dismissal and/or entry of Judgment, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless on or before _____ [21 days prior to the Settlement Hearing],

such person: (a) files with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the proposed settlement, the dismissal of claims and/or the entry of Judgment and any documentation in support of such opposition, and (b) serves copies of such notice, statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon the following counsel:

William A. Isaacson
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
8th Floor
Washington, D.C.  20015

Class Plaintiffs' Lead Counsel

Margaret M. Zwisler
Latham & Watkins LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, D.C.  20004

Counsel for the ATI Defendants

John C. Dwyer
Cooley Godward Kronish LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

Counsel for NVIDIA

9. Responses to any objection or opposition to the proposed settlement shall be filed no later than 7 days prior to the Settlement Hearing.

10. The date and time of the Settlement Hearing shall be set forth in the Mail Notice and publication notice, but shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court or on the Court's website at www.cand.uscourts.gov/.

## OTHER PROVISIONS

11.    Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

12.    The Court approves the establishment of the Escrow Account under the Settlement Agreement and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the Escrow Account.

13.    In the event that the Settlement is terminated in accordance with the provisions of the Settlement Agreement, the settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of the Defendants and the Class Members.

14.    All proceedings in the Actions against the Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters Judgment as provided in the Settlement Agreement.

SO ORDERED:

Dated: _____, 2008                      _____
                                                    Hon. William Alsup
                                                    United States District Judge

# EXHIBIT B

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE GRAPHICS PROCESSING UNITS ANTITRUST LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | ) Case No.: M:07-CV-01826-WHA<br>)<br>) MDL No. 1826<br>)<br>)<br>)<br>) |

**NOTICE OF CLASS ACTION SETTLEMENT WITH ATI DEFENDANTS AND NVIDIA CORPORATION AND HEARING THEREON**

**TO:     ALL INDIVIDUALS AND ENTITIES WHO PURCHASED GRAPHICS PROCESSING CARD PRODUCTS ONLINE FROM THE WEBSITES OF ATI TECHNOLOGIES ULC (shop.ati.com) OR NVIDIA CORPORATION (www.nvidia.com) IN THE UNITED STATES DURING THE PERIOD FROM DECEMBER 4, 2002 TO NOVEMBER 7, 2007 AND WHO HAVE NOT REQUESTED TO BE EXCLUDED FROM THE CLASS.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  A COURT AUTHORIZED THIS NOTICE.  THIS IS NOT A SOLICITATION FROM A LAWYER.**

**A SETTLEMENT HAS BEEN PROPOSED THAT MAY AFFECT YOUR RIGHTS.  IF YOU ARE A MEMBER OF THE CLASS DESCRIBED BELOW, YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.**

**NOTICE IS HEREBY GIVEN** that by order dated October 2, 2008, a hearing will be held before the Honorable William Alsup, United States District Judge, United States District Court, in Courtroom 9, 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco 94102, on _____, 2008 at _____ (the "Settlement Hearing"), to determine whether a proposed settlement in the above-captioned litigation with Defendants ATI Technologies, Inc. (now known as ATI Technologies ULC), Advanced Micro Devices, Inc., AMD US Finance, Inc., and 1252986 Alberta ULC (collectively "the ATI defendants") and

Defendant NVIDIA Corporation ("NVIDIA") as set forth in the Settlement Agreement dated as of October 2, 2008 (the "Settlement Agreement"), is fair, reasonable and adequate to the Class.

The Settlement Agreement, if approved by the Court, will result in a cash payment of $1,700,000 (One Million Seven-Hundred Thousand Dollars), less certain fees and expenses, to be made available to the Class Members (the "Net Settlement Fund") and the dismissal with prejudice as to Defendants with respect to all claims and allegations asserted in the class actions brought on behalf of all individuals and entities who purchased graphics processing card products online from Defendants' websites in the United States during the period from December 4, 2002, to November 7, 2007 (the "Actions"). The amount paid in settlement of the Actions will be distributed among the Class Members who submit timely and valid Proof of Claim Forms based on the amount of their purchases of graphics processing card products online from Defendants' websites in the United States during the relevant period, pursuant to the terms of the plan of distribution ("Distribution Plan") described below.

The Settlement Agreement also provides that Counsel for the Class may seek an award of attorneys fees and costs incurred to be paid from the Gross Settlement Fund, which will be subject to the Court's approval.

Notice of certification of a class of purchasers of products was given previously. As described below, if you are a Class Member, you have the right to object to the terms of this settlement and to file a claim form.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **YOU MUST SUBMIT A CLAIM FORM AND RELEASE TO RECEIVE A PAYMENT.** | If the Settlement is approved by the Court, and you are a member of the Class, you must complete and sign a Proof of Claim Form and Release to receive a payment. You must send the Claim Form to the Claims Administrator by **[DATE] [21 days before the Settlement Hearing]**. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY:** | If you wish to object to any part of the Settlement, you may do so by filing in the Office of the Clerk of the United States District Court for the Northern District of California a statement of your position and the grounds for it. You must file such a document(s) by [DATE] [l 21 days before the Settlement Hearing]. You must also send copies of your position statement to the lawyers for the Settling Parties by the same deadline. |
| **YOU MAY ATTEND THE SETTLEMENT HEARING TO BE HELD ON _____.** | If you file in the Office of the Clerk of the United States District Court for the Northern District of California a notice of intention to appear at the Settlement Hearing, and a statement of your position on the Settlement Agreement by [DATE] [21 days before the Settlement Hearing], you may (but do not have to) attend the Settlement Hearing and present your objections to the Court. You may attend the Settlement Hearing even if you do not file a written objection, but you will only be allowed to speak at the Settlement Hearing if you file written comments in advance of the Settlement Hearing. |
| **YOU MAY DO NOTHING** | If you are a Class Member and you do not submit a Proof of Claim Form, you will be bound by the release of the Settling Parties, you will receive no payment and you will not be able to bring or pursue any of the Released Claims in any other lawsuit or proceeding. |

This Notice explains the nature of the above-captioned class action lawsuit and the general terms of a proposed settlement, and informs you of your legal rights and options, as well as the deadlines to exercise them.

The Court still has to decide whether to approve the Settlement Agreement. Payments will be made only if the Court approves the Settlement Agreement and that approval is upheld in the event of any appeal.

## I.    BACKGROUND OF THE ACTIONS

Plaintiffs Jordan Walker, Michael Bensignor d/b/a Mike's Computer Services, Karol Juskiewicz and Fred Williams ("Plaintiffs") on behalf of themselves and other similarly situated direct purchasers of graphics processing chips and graphics cards, brought this lawsuit against the ATI defendants and NVIDIA (collectively "Defendants").

The Plaintiffs have alleged, among other things, that (1) Defendants violated the federal antitrust laws by conspiring to fix, raise, maintain or stabilize the prices of graphics processing chips and graphics cards sold in the United States; and (2) these acts caused the Class to incur significant damages.

Defendants have denied and continue to deny (1) each and all of the claims and allegations of wrongdoing made by the Plaintiffs and Class Members in the Actions and maintain furthermore that they have meritorious defenses; (2) all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, in the Actions, and Defendants vigorously contend that the factual allegations in the complaints relating to them are materially inaccurate; and (3) the allegations that the Plaintiffs or any Class Member was harmed by any conduct by Defendants alleged in the Actions or otherwise. Plaintiffs and Defendants agree that the Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations alleged in the Actions.

The Class Action was described in the previous Notice mailed in August 2008.

**THIS NOTICE IS NOT TO BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION FROM THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR**

**DEFENSES ASSERTED BY PLAINTIFFS OR DEFENDANTS AND DOES NOT MEAN THAT THE COURT HAS FOUND THAT DEFENDANTS ENGAGED IN THE CONDUCT THAT THE PLAINTIFFS HAVE ALLEGED.**

## II. THE CLASS

On July 18, 2008, the Court certified the Class and designated Plaintiffs Jordan Walker and Michael Bensignor d/b/a Mike's Computer Services to be the representatives of the Class. Previously, on June 4, 2007, the Court appointed Boies, Schiller & Flexner LLP to serve as interim lead counsel for the Class ("Class Plaintiffs' Lead Counsel"). The Class is defined as:

> All individuals and entities who purchased graphics processing card products online from defendants' websites in the United States during the period from December 4, 2002 to November 7, 2007.

Excluded from the Class are the Defendants and their affiliates, and any of their officers, directors, or employees. Also excluded from the Class are any federal, state or local government entity, and any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

## III. THE PROPOSED SETTLEMENT

The following description of the Settlement Agreement is only a summary. The Settlement Agreement and its exhibits are posted on the website maintained by Class Counsel (www.gpuantitrust.com).

### 1. The Settlement Amount

Subject to the terms of the Settlement Agreement, Defendants paid $1,700,000 (One Million Seven-Hundred Thousand Dollars) into an interest-bearing Escrow Account. These funds, and any interest earned thereon, are referred to in this Notice as the "Gross Settlement Fund."

## 2. Investigation Leading to the Settlement

Plaintiffs conducted extensive investigation and formal discovery of the facts relating to the claims alleged in the Actions and retained and consulted with economists and other experts. Based upon their extensive investigation, their consultation with experts retained by them and their evaluation of the claims of the Class Members and defenses that might be asserted thereto, Class Plaintiffs' Lead Counsel believe that the settlement is fair, reasonable and adequate and in the best interests of the Class.

## 3. Release of Claims Against Settling Defendants and Releasees

In the event that the Court approves the Settlement Agreement after the Settlement Hearing, each Class Member shall be barred from bringing their own lawsuits for recovery of claims that in any way relate to the subject matter of the Actions. This means that if the Court approves the proposed settlement, and you are a Class Member, you cannot sue, continue to sue, or be a part of any other lawsuit, for the claims that the Settlement Agreement resolves. If you are a Class Member, when the proposed settlement become Final – even if you do not submit a Proof of Claim Form – you will be releasing the Defendants and all other Releasees from any and all claims, demands and causes of action, whether known or unknown, that relate to any conduct prior to the date of this Agreement and arising out of or related in any way to the purchase of graphics processing card products online from Defendants' websites in the United States during the period from December 4, 2002, to November 7, 2007, or any conduct alleged or that could have been alleged in the Actions, as provided in the Settlement Agreement. However, Class Members will not release claims against Defendants for product liability, breach of contract, breach of warranty or personal injury unrelated to the allegations in the Complaint.

#### 4. Attorneys' Fees and Expenses

The Settlement Agreement provides that attorneys' fees and expenses may be paid out of the Gross Settlement Fund after Court approval. Class Plaintiffs' Lead Counsel will request reimbursement for a portion of their attorneys' fees and litigation costs and expenses. On or before _____, 2008 [35 DAYS PRIOR TO SETTLEMENT HEARING], Class Counsel will apply to the Court for an award, from the Gross Settlement Fund, of attorneys' fees and litigation and settlement expenses incurred on behalf of the Class of up to 35% of the Gross Settlement Fund. All costs, fees and expenses will be paid solely out of the Gross Settlement Fund. The fee and expense application will be available for inspection during normal business hours at the Office of the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. It will also be available on the website maintained by the Class Counsel (www.gpuantitrust.com).

## IV. CLAIMS PROCESS AND DEADLINES

#### 1. Filing and Processing of Claim Forms

If you are a Class Member and the settlement becomes effective in accordance with the terms of the Settlement Agreement, you will be entitled to share in the Net Settlement Fund. To receive any distribution from the Net Settlement Fund, you must complete and sign the enclosed Proof of Claim Form ("Claim Form") or complete and sign the Claim Form online at [url]. It must be sent to the Claim Administrator via first-class mail, postmarked on or before [MONTH DATE], 2008, at the following address:

> *GPU Antitrust Litigation*
> c/o [NAME]
> [ADDRESS]

Or complete the Claim form online at [url].

If you fail to submit a timely and properly completed Claim Form, your claim will be rejected and you will be precluded from any recovery, although you will still be bound by the Judgment entered by the Court.

Any and all transferees or assignees of, or successors to, the claims or rights of any Class Member will be entitled to submit a Claim Form to share in the Net Settlement Fund and will be bound by the terms of the Settlement Agreement, if approved by the Court, and shall be required to exercise their rights under the Settlement Agreement in the same manner as the Class Members.

To the extent that you have previously entered into an agreement with any Releasee that settles or compromises antitrust claims relating to graphics processing card products purchased online from Defendants' websites in the United States during the period identified above, you may not be able to claim or recover under the Settlement Agreement with respect to any purchases of graphics processing card products online from Defendants' websites in the United States covered by the previous settlement.

### 2. Distribution Plan for the Net Settlement Fund

Class Members are entitled to share in the Net Settlement Fund. The Distribution Plan, which will be presented to the Court for approval at the Settlement Hearing, will provide for the distribution of the Net Settlement Fund among Class Members that timely submit properly completed Claim Forms (as discussed above), in proportion to the invoice amount that each participating Class Member paid for its direct purchases of graphics processing card products online from Defendants' websites in the United States during the period from December 4, 2002 to November 7, 2007, and whose Claims are allowed by the Court ("Authorized Claimants").

Distribution of the Net Settlement Fund will be based on Authorized Claimants' direct purchases of graphics processing card products online from Defendants' websites in the United States during the period from December 4, 2002 to November 7, 2007. Only purchases made directly from Defendants will be considered in determining the allocation of the Net Settlement Fund.

The distribution will take place after the following: (1) final approval of the settlement by the Court and the expiration of any period for further review or appeal of the Court's order of approval or the resolution of any such review or appeal; (2) submission of the Claim Forms by Class Members pursuant to the deadline set forth in this Notice and their receipt by the Claims Administrator; (3) review of the Claim Forms by the Claims Administrator and the determination of the amounts recommended to be paid to Claimants; and (4) approval by the Court of the Claims Administrator's recommendations as to the amounts to be paid to Authorized Claimants.

Please note that submission of a Claim Form does not necessarily assure the right to payment thereunder. The Court may deny, in whole or in part, any claim if it determines that the Claimant is excluded from the definition of the Class or if there are legal or equitable grounds for rejecting such claim.

## V.  FINAL SETTLEMENT HEARING AND SETTLEMENT OBJECTIONS

### 1.  Schedule for Settlement Hearing

The Settlement Hearing is presently set for _____, 2008 at _____ [a.m./p.m.]. The time and date of the hearing may be continued from time to time. Notice of any such continuance shall be posted at the United States Courthouse or on the Court's website, www.cand.uscourts.gov/.

## 2.      Purpose of Settlement Hearing

At the Settlement Hearing, the Court will consider whether the Settlement Agreement should be approved as fair, adequate and reasonable to the Class and whether the claims of the Class should be dismissed with prejudice as to the Releasees that are defendants therein, as provided in the Settlement Agreement.

## 3.      Rights of Class Members at Settlement Hearing

Any Class Member is entitled to appear and be heard at the Settlement Hearing, in person or through duly authorized attorneys, and to show cause why the settlement should not be approved as fair, reasonable and adequate, *provided, however*, that no such person shall be heard in opposition to any of the foregoing, and no paper or brief submitted by such person shall be received or considered by the Court unless, by [DATE] [21 days before the Settlement Hearing], such person files a notice of intention to appear, and a statement of the position to be asserted, and the grounds therefor, together with copies of any supporting papers or brief with the Clerk, Office of the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, with proof of service upon the counsel identified below:

William A. Isaacson
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
8th Floor
Washington, D.C.  20015
*Class Plaintiffs' Lead Counsel*

Margaret M. Zwisler
Latham & Watkins LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, D.C.  20004
*Counsel for the ATI Defendants*

John C. Dwyer
Cooley Godward Kronish LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
*Counsel for NVIDIA*

No class member shall be entitled to contest the terms and conditions of the Settlement Agreement unless the procedures set forth above are complied with, and persons who fail to object as provided herein shall be deemed to have waived and shall be foreclosed forever from raising any such objections or appealing from any orders or judgments entered with respect to the Settlement Agreement.

## VI. ADDITIONAL INFORMATION

**THE ABOVE INFORMATION IS ONLY A SUMMARY OF THE SETTLEMENT AGREEMENT.**

For more detailed information concerning the matters involved in the litigation, reference is made to the pleadings, to the Settlement Agreement, to the Orders entered by the Court and to the other papers filed in the Class Action, which may be inspected at the Office of the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102 during regular business hours. In addition, the Settlement Agreement is posted on a website maintained by the Class Counsel (www.gpuantitrust.com).

**ALL INQUIRIES CONCERNING THIS NOTICE AND SETTLEMENT AGREEMENT SHOULD BE MADE BY VISITING** www.gpuantitrust.com, **OR** *WRITING* **TO EITHER THE CLAIMS ADMINISTRATOR OR CLASS PLAINTIFFS' LEAD COUNSEL AT THE ADDRESSES SET FORTH BELOW:**

*GPU Antitrust Litigation*
c/o [NAME]
[ADDRESS]

William A. Isaacson, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015

**INQUIRIES <u>SHOULD NOT</u> BE MADE BY TELEPHONE AND <u>SHOULD NOT</u> BE DIRECTED TO THE COURT**

If you change your address, or if this Notice was not mailed to your correct address, you should immediately provide your correct address to the Claims Administrator at the following address: *GPU Antitrust Litigation* c/o [CLAIMS ADMINSTRATOR, ADDRESS]. If the Claims Administrator does not have your correct address, you may not receive notice of important developments in this litigation.

# EXHIBIT C

# IN RE GRAPHICS PROCESSING UNITS ANTITRUST LITIGATION

<table>
<tr><td><strong>RESPONSE DUE DATE</strong><br><em>Postmarked or Completed<br>Online No Later Than</em><br>_____</td><td><strong><u>CLAIM FORM AND RELEASE</u></strong></td></tr>
</table>

To receive a payment from the Settlement Fund, you **must** file a Claim Form.  You may file a Claim Form by either:

> Completing this Claim Form and mailing it to the Claim Administrator via first class mail, postmarked on or before [DATE], at the following address:

> > GPU Antitrust Litigation Claim Administrator
> > P.O. Box 600727
> > Jacksonville, FL 32260-0727;

> > > **OR**

> Completing a Claim Form online at [url] before [date]

A FAILURE TO MAIL YOUR CLAIM FORM OR COMPLETE A CLAIM FORM ONLINE BY _____ WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM SHARING IN THE SETTLEMENT FUND.

<u>Do not mail or deliver the Claim Form to the Court or to any of the parties or their counsel</u>.

Before completing a Claim Form, you should read and be familiar with the accompanying Notice of Class Action Settlement (the "Notice").  If you have not received a Notice in the mail, you may obtain a copy at www.gpuantitrust.com.  By submitting a Claim Form, you acknowledge that you have read and understand the Notice.

You must <u>complete all items</u> in the Claim Form.  If you are filing a Claim Form by mail, please type or print all information except for the signature.  You may attach additional sheets if space on the Claim Form is inadequate.

Retain <u>all</u> supporting documentation in your possession (receipts or other proof of purchase).

# CLAIM FORM

## I.    Claimant Information:

1.    Name of Claimant:_____

2.    Street Address: _____

3.    City, State, Zip:_____

4.    E-mail address (optional):_____

## II.    Purchases:

4.    Are you a current employee of Advanced Micro Devices, Inc. ("AMD"), ATI
      Technologies ULC ("ATI"), or NVIDIA Corporation ("NVIDIA")?

              YES_____                        NO_____

If you answered "Yes" to question 4, please stop here and do not submit a Claim Form.  You are
not a member of the Class and are not entitled to participate in the Settlement.

5.    Did you purchase at least one graphics processing card product online from the websites
      of either ATI Technologies ULC (shop.ati.com) or NVIDIA Corporation
      (www.nvidia.com) during the period from December 4, 2002 to November 7, 2007, at a
      time when you resided in the United States?

              YES_____                        NO_____

If you answered "No" to question 5, please stop here and do not submit a Claim Form.  You are
not a member of the Class and are not entitled to participate in the Settlement.

If you answered "Yes" to question 5, the amount of your payment shall be determined by the
Settlement Claims Administrator based on sales records obtained previously from the

Defendants. If you choose to rely on the records of the Defendants, you **do not** need to supply any information about your purchases at this time. If you do so, and the Claims Administrator later informs you that it does not have a record of any purchase by you, then you will be given an opportunity to resubmit your claim with your own substantiating documentation.

Based on currently available records, if the Court approves an award of 35% of the fund for fees and expenses, and all class members submit claims, it is estimated that you will receive a check in the amount of approximately 10% of your purchases (that is, for example, $20 for a $200 purchase), or you may be eligible for a larger amount depending upon the total number of class members who submit valid claims.

If you do not wish to rely on the Defendants' sales records, you may make a claim for each purchase, provided that you supply substantiating documentation at this time. The substantiating documentation must include the date of purchase, the name of the product, and the price you paid for each graphics processing card product purchased from the Defendants' websites between December 4, 2002 and November 7, 2007. Examples of substantiating documentation include receipts or other proofs of purchase that include the date of sale, the name of the product, and the purchase price.

Indicate below whether or not you choose to rely upon the Defendants' records of your purchases.

☐ Claimant hereby agrees to rely on the Defendants' sales records to determine membership in the class and the dollar amount of his or her payment.

☐ Claimant does not agree to rely on the Defendants' sales records and has attached substantiating documents.

## III.     Verification and Release

The Claims Administrator has the right to request additional information and documentation to verify your claim, including the right to examine original documents.

By signing and submitting this Claim Form, each person affirms under penalty of perjury that he/she: (a) is a member of the Class as defined in the Notice, or is acting for such a person under a power of attorney or as an executor, administrator, or heir; (b) has not filed a request to be excluded from the class; (c) desires to participate in the proposed Settlement; and (d) warrants that the individual listed on the Claim Form is the only person entitled to receive the settlement amount.

**Each person who signs this Claim Form agrees and understands that all of his/her claims against AMD, ATI, and NVIDIA, and all other Releasees, as described in the Settlement**

**Agreement, shall be RELEASED, if the proposed Settlement is approved by the Court and becomes effective.**

         **UNDER THE PENALTIES OF PERJURY, I AFFIRM THAT ALL OF THE INFORMATION PROVIDED ON THIS CLAIM FORM, OR IN ANY DOCUMENTATION THAT I AM SUBMITTING WITH THIS CLAIM FORM, IS TRUE TO THE BEST OF MY KNOWLEDGE.**

_____      Date: _____
Signature of Claimant, representative or heir (circle one)

_____
Print Name

**Reminder: You must complete and return this Claim Form by first-class mail postmarked by [DATE] or complete a Claim Form online by _____to recover from the Settlement Fund.**

# EXHIBIT D

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GRAPHICS PROCESSING UNITS ANTITRUST LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | )  Case No.: M:07-CV-01826-WHA<br>)<br>)  MDL No.  1826<br>)<br>)<br>)<br>)<br>) |

## SUMMARY NOTICE OF CLASS ACTION SETTLEMENT AND HEARING THEREON

**TO:  ALL INDIVIDUALS AND ENTITIES WHO PURCHASED GRAPHICS PROCESSING CARD PRODUCTS ONLINE FROM THE WEBSITES OF ATI TECHNOLOGIES ULC (shop.ati.com) OR NVIDIA CORPORATION (www.nvidia.com) IN THE UNITED STATES DURING THE PERIOD FROM DECEMBER 4, 2002 TO NOVEMBER 7, 2007 AND WHO HAVE NOT REQUESTED TO BE EXCLUDED FROM THE CLASS.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a hearing will be held on _____, 2008 at _____ [a.m./p.m.] before the Hon. William Alsup, United States District Judge, in Courtroom No. 9, 19th Floor, United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102, for the purpose of determining whether the proposed settlement of the above-captioned litigation should be approved by the Court as fair, reasonable and adequate to the class, and the above-entitled action should be dismissed on the merits and with prejudice as to Defendants.  The proposed settlement, dated October 2, 2008 and on file with the Court (the "Settlement Agreement"), consists of a cash payment in the amount of $1,700,000 (One Million Seven-Hundred Thousand Dollars) for the benefit of the certified Class of all individuals and entities who purchased graphics processing card products online from the websites of ATI Technologies ULC (shop.ati.com) or NVIDIA Corporation (www.nvidia.com) in the United

States during the period from December 4, 2002 to November 7, 2007, and who have not requested to be excluded from the class, in accordance with the terms and conditions of a settlement agreement between Plaintiffs, on behalf of themselves and the Class, and Defendants ATI Technologies, Inc. (now known as ATI Technologies ULC), Advanced Micro Devices, Inc., AMD US Finance, Inc., and 1252986 Alberta ULC, (collectively "the ATI defendants"), and Defendant NVIDIA Corporation.

The hearing may be continued without further notice to the Class. At the hearing, the Court will also consider Class Counsel's request for attorneys' fees and expenses. If you intend to file an objection to the Settlement Agreement or fee request, you must do so by [DATE] [21 days before the date of the Settlement Hearing].If you have not received a printed Notice of Class Action Settlement With ATI Defendants and NVIDIA Corporation and Hearing Thereon ("Notice"), you may obtain a copy by writing to *GPU Antitrust Litigation* c/o [CLAIMS ADMINISTRATOR, ADDRESS] or by accessing those documents at www.gpuantitrust.com. The Notice contains further information regarding the litigation and proposed settlement with Defendants and the rights of Class Members with respect thereto, including the steps Class Members need to take to participate in the benefits of the settlement.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

# EXHIBIT E

1

2

3

4

5

6

7

8

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11

12   IN RE GRAPHICS PROCESSING UNITS          Case No.  M:07-cv-01826-WHA
     ANTITRUST LITIGATION
13                                            MDL No. 1826

14   _____      **[PROPOSED] ORDER PROVIDING
                                              FINAL APPROVAL OF**
15   This Document Relates to:                **SETTLEMENT**

16   ALL ACTIONS                              Hon. William H. Alsup

17

18          This matter having come before the Court for hearing, pursuant to the Order of this Court,

19   dated _____, 2008 (Docket No. ____), on the application of Defendants ATI

20   Technologies, Inc. (now known as ATI Technologies ULC), Advanced Micro Devices, Inc.,

21   AMD US Finance, Inc., and 1252986 Alberta ULC, Defendant Nvidia Corporation, and Plaintiff

22   Class Representatives Jordan Walker and Michael Bensignor, d/b/a Mike's Computer Services,

23   both individually and on behalf of the class certified by this Court on July 18, 2008, for approval

24   of the settlement (the "Settlement") set forth in the settlement agreement dated as of October 2,

25   2008 (the "Agreement") (Docket No. ____), and due and adequate notice having been given to

26   the Class as required in said Order, and the Court having considered all papers filed and

27

28

proceedings had herein and otherwise being fully informed in the premises and good cause

appearing therefore,

**IT IS HEREBY ORDERED** that:

1.      As used in this Order the capitalized terms not otherwise defined herein have the

meanings set forth in the Agreement.

2.      This Court has jurisdiction over the subject matter of the Actions and over all

Class Members, and to consider and enter this Order.

3.      The notice given to Class Members of the Settlement and the other matters set

forth therein constitutes the best notice practicable under the circumstances and complies in all

respects with the requirements Rule 23 of the Federal Rules of Civil Procedure and due process.

4.      The Court has been advised of any objections to the Settlement and has given fair

consideration to any such objections.

5.      The Settling Parties conducted arm's length negotiations in good faith which

resulted in the proposed Settlement reflected in the Agreement.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

approves the Settlement as set forth in the Agreement, finds that said Settlement is, in all respects,

fair, reasonable, and adequate with respect to the Class, and directs that the Settlement be

consummated in accordance with the terms and conditions set forth in the Agreement.

7.      The Releasors, and any other Person claiming (now or in the future) through or on

behalf of them, and regardless of whether any such Releasor ever seeks or obtains by any means,

including, without limitation, by submitting a Proof of Claim and Release, any distribution from

the Net Settlement Fund established pursuant to the Agreement, shall be deemed to have fully,

finally, and forever released, relinquished, and discharged all Released Claims against the

Releasees.  The Releasors also shall have covenanted not to sue the Releasees with respect to all

such Released Claims, and shall be permanently barred and enjoined from instituting,

commencing, prosecuting or asserting any such Released Claim against the Releasees.

8.      The Distribution Plan is adjudged to be fair, reasonable and adequate and is hereby

approved.  Class Plaintiffs' Lead Counsel is directed to proceed with the Distribution Plan.

9.      The Court approves an award of $_____, plus any interest that

may have accrued on that sum deposited with the Escrow Agent, to reimburse Class Plaintiffs'

Lead Counsel for payment of costs and expenses reasonably incurred in prosecuting and settling

this action.  To the extent, if any, that the funds described in the previous sentence are not used to

reimburse the costs and expenses, they shall be used to reimburse Class Plaintiffs' Lead Counsel

for attorneys fees reasonably incurred in prosecuting this action.

10.     Without further order of the Court, the Settling Parties may agree to reasonable

extensions of time to carry out any of the provisions of the Agreement.


**IT IS SO ORDERED.**

DATED:  _____, 2008


_____
Hon. William H. Alsup
United States District Court Judge

# EXHIBIT F

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GRAPHICS PROCESSING UNITS ANTITRUST LITIGATION | Case No. M:07-cv-01826-WHA |
| | MDL No. 1826 |
| This Document Relates to: | **[PROPOSED] FINAL JUDGMENT** |
| ALL ACTIONS | Hon. William H. Alsup |

Having given final approval of the settlement agreement in this action ("the Agreement") by and between Defendants ATI Technologies, Inc. (now known as ATI Technologies ULC), Advanced Micro Devices, Inc., AMD US Finance, Inc., and 1252986 Alberta ULC, Defendant Nvidia Corporation, and Plaintiff Class Representatives Jordan Walker and Michael Bensignor, d/b/a Mike's Computer Services, both individually and on behalf of the class certified by this Court on July 18, 2008,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.　　As used in this Judgment the capitalized terms not otherwise defined herein have the meanings set forth in the Agreement.

2.　　The above-captioned action and each of the cases previously consolidated and/or included as part of MDL Docket No. 1826 are dismissed with prejudice as to all Defendants,

1   without costs (except as set forth in the Agreement).

2          3.      Without affecting the finality of this Judgment, the Court hereby retains exclusive

3   jurisdiction over (a) implementation of the Settlement; (b) any award or distribution of the Gross

4   Settlement Fund or the Net Settlement Fund established pursuant to the Agreement, including

5   interest earned thereon; and (c) all other proceedings related to the implementation and

6   enforcement of the terms of the Agreement and/or the Settlement.  The time to appeal from this

7   Judgment shall commence upon its entry.  Without limiting the generality of the foregoing, any

8   dispute concerning the provisions of this Judgment, including but not limited to any suit, action or

9   proceeding in which the provisions of this Judgment are asserted as a defense in whole or in part

10  to any claim or cause of action asserted by any plaintiff or otherwise raised as an objection, shall

11  constitute a suit, action or proceeding arising out of or relating to this Judgment.  Solely for

12  purposes of any such suit, action or proceeding, to the fullest extent possible under applicable

13  law, the Defendants and the Class Members are deemed to have irrevocably waived and to have

14  agreed not to assert, whether by way of motion, as a defense or otherwise, any claim, argument or

15  objection that they are not subject to the jurisdiction of this Court or that this Court is in any way

16  an improper venue or an inconvenient forum.

17         4.      This Judgment is a final judgment in the Actions as to all claims among

18  Defendants, on the one hand, and the Plaintiffs and all Class Members, on the other.  This Court

19  finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just

20  reason for delay and expressly directs entry of judgment as set forth herein.

21

22         **IT IS SO ORDERED, ADJUDGED AND DECREED.**

23

24  Dated: _____

25

26                                   _____
                                     The Honorable William H. Alsup
27                                   United States District Court Judge

28