BOIES, SCHILLER & FLEXNER LLP
WILLIAM A. ISAACSON (*pro hac vice*)
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
JOHN F. COVE, JR. (CA Bar No. 212213)
DAVID W. SHAPIRO (CA Bar No. 219265)
KEVIN J. BARRY (CA Bar No. 229748)
1999 Harrison St., Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
Email: jcove@bsfllp.com
       dshapiro@bsfllp.com
       kbarry@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
PHILIP J. IOVIENO (*pro hac vice*)
ANNE M. NARDACCI (*pro hac vice*)
10 North Pearl Street
4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
       anardacci@bsfllp.com

*Attorneys for Plaintiff Jordan Walker
Interim Class Counsel for Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE GRAPHICS PROCESSING UNITS ANTITRUST LITIGATION<br><br>This Document Relates to:<br>ALL DIRECT PURCHASER ACTIONS | Case No.: M:07-CV-01826-WHA<br><br>MDL No. 1826<br><br>[PROPOSED] **ORDER PRELIMINARILY APPROVING SETTLEMENT**<br><br>Hon. William H. Alsup<br>Courtroom 9, 19th Floor |

Upon review and consideration of the Settlement Agreement dated as of October 2, 2008, executed on behalf of Plaintiffs and the Class (as defined therein and pursuant to the order of the Court dated July 18, 2008 (Docket No. 509)) by Class Plaintiffs' Counsel, and on behalf of Defendants ATI Technologies, Inc. (now known as ATI Technologies ULC), Advanced Micro Devices, Inc., AMD US Finance, Inc., and 1252986 Alberta ULC (collectively "the ATI defendants") by their counsel, and on behalf of Defendant NVIDIA Corporation ("NVIDIA") by its counsel, and the exhibits attached thereto (the "Settlement Agreement"), it is hereby **ORDERED** as follows:

## PRELIMINARY APPROVAL OF SETTLEMENT

1. The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Settlement Hearing provided for below. The Court finds that said settlement is sufficiently within the range of reasonableness so that notice of the proposed settlement should be given as provided in Paragraphs 2 and 3 of this Order.

2. Within 20 days after the date of the entry of this Order, Class Plaintiffs' Counsel shall cause copies of the Notice of Proposed Settlement and Settlement Hearing and Proof of Claim Form, substantially in the form attached hereto as Exhibits 1 and 2 ("Mail Notice"), to be emailed to all Class Members, to the extent that they can be identified with reasonable diligence, from the database of Defendants' online customers maintained by the Claims Administrator in these Actions. Class Plaintiffs' Counsel will also send notice via first class mail to all Class Members whose earlier class action email notice was returned as undeliverable, and any Class Members whose Mail Notice sent by email is subsequently returned as undeliverable, to the extent a mailing address is available for such Class Members. If any Notice to Class Members sent by first class mail is returned as undeliverable, the address for that Class Member will be "skip traced" using the National Change of Address registry and similar tools. Notice will be re-sent if a current address for the Class Member can be found.

3. Class Plaintiffs' Counsel shall cause to be published a summary notice, which shall be substantially in the form attached hereto as Exhibit 3, once in the U.S. version of PC

1  Gamer Magazine. The full text of the notice, which shall be substantially in the form attached
2  hereto as Exhibit 1, will also be published on www.gpuantitrust.com, and on
3  www.gpuantitrustsettlement.com, which will be linked to banner ads that will appear on
4  www.tomshardware.com and www.gearlog.com. A link to the full text of the notice will also
5  appear on www.gpureview.com. All of these publications will be carried out as soon after the
6  date of this Order as is reasonably practicable.

7      4.    Prior to the Settlement Hearing, Class Plaintiffs' Counsel shall serve and file a
8  sworn statement attesting to compliance with the provisions of paragraphs 2 and 3 of this Order.

9      5.    The actions set forth in paragraphs 2 and 3 of this Order are hereby found to be
10 reasonably calculated to provide direct notice to all Class Members and, when completed, shall
11 constitute due and sufficient notice of the proposed settlement and the Settlement Hearing to all
12 persons affected by and/or entitled to participate in the settlement, in full compliance with the
13 notice requirements of Fed. R. Civ. P. 23 and due process.

**FEE AND EXPENSE PETITION AND MOTIONS FOR FINAL
APPROVAL AND APPROVAL OF PROPOSED PLAN OF ALLOCATION**

6. No later than February 19, 2009, thirty-five (35) days before the Settlement Hearing, Class Plaintiffs' Counsel shall file a motion for final approval of the Settlement, a motion for approval of their proposed plan of allocation of net settlement proceeds to the Class ("Distribution Plan"), and their application for attorneys' fees and expenses (the "Fee and Expense Petition").

**THE SETTLEMENT HEARING**

7. A hearing on final settlement approval (the "Settlement Hearing") is hereby scheduled to be held before the undersigned on March 26, 2009 at 2:00 p.m. in Courtroom 9, 19th Floor, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco 94102, to consider: (a) the fairness, reasonableness and adequacy of the proposed settlement; (b) the dismissal of the Actions with prejudice as to Defendants and the entry of final Judgment in the Actions; (c) whether the Distribution Plan should be approved; and (d) whether an award of attorneys' fees, costs and expenses should be made to Class Counsel.

8. Any Class Member may appear at the Settlement Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the proposed settlement and the dismissal of the Actions with prejudice as to Defendants and the entry of Judgment; provided, however, that no person shall be heard in opposition to such settlement, dismissal and/or entry of Judgment, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless on or before March 5, 2009, 21 days prior to the Settlement Hearing, such person: (a) files with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the proposed settlement, the dismissal of claims and/or the entry of Judgment and any documentation in support of such opposition, and (b) serves copies of such notice, statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon the following counsel:

| | |
|---|---|
| William A. Isaacson<br>Boies, Schiller & Flexner LLP<br>5301 Wisconsin Avenue, N.W.<br>8th Floor<br>Washington, D.C. 20015 | Margaret M. Zwisler<br>Latham & Watkins LLP<br>555 Eleventh Street, N.W.<br>Suite 1000<br>Washington, D.C. 20004 |
| Class Plaintiffs' Counsel | Counsel for the ATI Defendants |
| | John C. Dwyer<br>Cooley Godward Kronish LLP<br>Five Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306-2155 |
| | Counsel for NVIDIA |

9. Responses to any objection or opposition to the proposed settlement shall be filed no later than March 19, 2009, 7 days prior to the Settlement Hearing.

10. The date and time of the Settlement Hearing shall be set forth in the Mail Notice and publication notice, but shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court or on the Court's website at www.cand.uscourts.gov.

**OTHER PROVISIONS**

11.  Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

12.  The Court approves the establishment of the Escrow Account under the Settlement Agreement and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the Escrow Account.

13.  In the event that the Settlement is terminated in accordance with the provisions of the Settlement Agreement, the settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of the Defendants and the Class Members.

14.  All proceedings in the Actions against the Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters Judgment as provided in the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: December 18, 2008

IT IS SO ORDERED
Judge William Alsup

_____
William Alsup
United States District Court Judge